UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | Civil Action No. 6: 09-7084-DCR |
| | ) | Criminal Action No. 6: 08-03-DCR |
| V. | ) | |
| | ) | |
| COREY S. PATRICK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Petitioner/Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Report and Recommendation

("R&R") of Magistrate Judge J. Gregory Wehrman, issued June 18, 2010. [Record No. 42] The

R&R recommends that the Petitioner's motion to vacate, set aside, or correct his sentence

[Record No. 26] be denied. Having considered this matter, the Court will adopt the Magistrate

Judge's R&R and dismiss Petitioner Corey Patrick's petition.

While this Court must make a *de novo* determination of those portions of the Magistrate

Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not

appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a *de novo* or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file

objections to a Magistrate Judge's proposed findings of fact and recommendation waives the

right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v.

Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record

and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning disposition of the petition.

As outlined in the R&R, Patrick entered a guilty plea on April 7, 2008, pursuant to a written plea agreement that reserved his right to appeal only with respect to his sentence. This waiver was thoroughly explained to Patrick and the Court was fully satisfied that he understood what was surrendered as part of his agreement with the government as well as what was reserved. While Patrick raises three claims pertaining to sentencing issues, it is clear that he has procedurally defaulted these claims by failing to raise them at trial, during the sentencing hearing, or on appeal. Because he is unable to establish cause and prejudice to excuse his default, the issues are not subject to collateral attack. *United States v. Brinka*, 487 F.3d 450, 465 (6th Cir. 2007). With respect to these issues, the Court agrees with the Magistrate Judge's conclusion that Patrick has not established that his counsel was ineffective in any regard. The Court also agrees with the Magistrate Judge's analysis that Patrick has failed to refute his attorney's sworn statement that Patrick never made a direct and timely request that counsel appeal any issue that had been properly preserved for appeal.

Further, Patrick cannot establish the "prejudice" prong of *Strickland v. Washington*, 446 U.S. 668 (1984), because his claims are without merit. Contrary to his assertions, Patrick was not improperly classified as a career offender even if the Court were to ignore his conviction for second degree escape. Additionally, a review of the record clearly establishes that there was no agreement between the parties that the government would not use any prior convictions to seek sentencing enhancements. Such assertions are contradicted by the provisions of the written plea

agreement as well as representations made by Patrick at the time his guilty plea was accepted by the Court. [*See* Record No. 42, pp. 6-8] Finally, the Court agrees with the Magistrate Judge's assessment that the Petitioner's fourth claim (*i.e.,* failure to challenge the indictment as defective) is barred by the express waiver provision contained in the written plea agreement. [*Id.* at pp. 8-11] Accordingly, it is hereby

**ORDERED** as follows:

1.      The Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 42] is **ADOPTED** and **INCORPORATED** by reference.

2.      The motion to vacate, set aside, or correct Petitioner Corey Patrick's Sentence [Record No. 26] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

This 12th day of July, 2010.

Signed By:

*Danny C. Reeves* DCR

United States District Judge